**Richard Eppink** (ISB No. 7503)
ritchie@wrest.coop
**Casey Parsons** (ISB No. 11323)
casey@wrest.coop
**David A. DeRoin** (ISB No. 10404)
david@wrest.coop
**WREST COLLECTIVE**
812 W. Franklin St.
Boise, ID 83702
208-742-6789 (phone)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **MICHAEL "MICK" HEIKKOLA,**<br><br>Plaintiff,<br><br>vs.<br><br>**ADA COUNTY, IDAHO**, a county of the State of Idaho, et al.<br><br>Defendants. | Case No. 1:24-cv-24<br><br>**STIPULATION: LITIGATION AND DISCOVERY PLANS** |

The parties stipulate to the attached litigation and discovery plans.

**DATED**: March 4, 2024

| | |
|---|---|
| **WREST COLLECTIVE** | **ADA COUNTY PROSECUTING ATTORNEY'S OFFICE, CIVIL DIVISION** |
| /s/ Richard Eppink<br>Richard Eppink | /s/ Robert A. Berry<br>Robert A. Berry |
| /s/ Casey Parsons<br>Casey Parsons | /s/ Aspen Compton-Hoyte<br>Aspen Compton-Hoyte |

/s/ David A. DeRoin
David A. DeRoin

**ATTORNEYS FOR PLAINTIFF** **ATTORNEYS FOR DEFENDANTS**

# LITIGATION PLAN
**(Revised Effective 1/1/2019)**

PRESIDING JUDGE: Winmill

DATE OF -SCHEDULING CONFERENCE: Click here for date.

CASE NO: **1:24-cv-24-BLW** NATURE OF SUIT: **42 U.S.C. § 1983 civil rights**

CASE NAME: ***Heikkola v. Ada County, et al.***

PARTY SUBMITTING PLAN:

X Plan **has been** stipulated to by all parties.
☐ Plan **has not been** stipulated to, but is submitted by:

ATTORNEY: Click here to enter text.

REPRESENTING: Choose an item.

1. **CASE MANAGEMENT TRACK**: Indicate the track that best fits your case. Designation of a track is not binding but will assist the Court in assessing its workload and selecting a trial date and discovery schedule that meets counsel's needs.

☐ **Expedited Track -** Cases on this track will typically be set for trial approximately 9 to 12 months following the case management conference, take 4 days or less to try, and involve limited discovery.

X **Standard Track -** Cases on this track will typically be set for trial approximately 12 to 15 months following the case management conference, take about 5-10 days to try, and involve typical discovery. **Most cases fall within this category**.

☐ **Complex Track -** Cases on this track will typically be set for trial approximately 15 to 24 months following the case management conference, take more than 10 days to try, involve extensive discovery, and involve extensive expert testimony.

☐ **Legal Track -** Cases that involve legal issues likely to be resolved by motion rather than trial. There will be little, if any, discovery. A motion hearing will be set at the case management conference.

2. **RESPONSIVE PLEADINGS**: **April 5, 2024**

All defendants' deadline under FRCP 12 for serving a responsive pleading shall be April 5, 2024.

3. **DISPOSITIVE MOTIONS FILING CUT-OFF DATE**: **October 25, 2024**

a. This is the critical event for case management and will dictate when the trial will be set. Unless the case is resolved through dispositive motions, the case will likely be tried within 6 months following this date. **Therefore, this cut-off date should be set within 3-6 months following the case management conference for an expedited track case, within 6-9 months for a standard track case, and within 12-18 months for a complex track case.**

b. A motion to amend to add a claim for punitive damages must be filed by the dispositive motion cut-off date. If the parties desire an earlier or later date to accommodate discovery related to the same, they should raise the issue with the court during the scheduling conference.

4. **JOINDER OF PARTIES & AMENDMENT OF PLEADINGS CUT-OFF DATE: July 8, 2024**

(Not more than 3 months following the Case Management Conference. This is the deadline for the filing of a motion to amend for reasons other than for adding a claim for punitive damages).

5. **ALTERNATE DISPUTE RESOLUTION OPTIONS** - Pursuant to Local Rule 16.1 and 16.4, the parties must meet and confer about (1) whether they might benefit from participating in some form of ADR process; (2) which type of ADR process is best suited to the specific circumstances in their case; and (3) when the most appropriate time would be for the ADR session to be held.

Check Preference:

☐ Mediation (General Order No. 130) (Local Rule 16.4(b)(3))
X Judicial Settlement Conference (Local Rule 16.4(b)(2))
☐ Arbitration (Local Rule 16.4(b)(4))
☐ Other: Click here to enter text.

**ADR to be held by: July 8, 2024**

Regardless of whether the parties choose mediation, a judicially-supervised settlement conference, or some other form of ADR, the

Court strongly encourages the attorneys to schedule ADR early in the proceedings and in advance of the filing of dispositive motions to reduce the cost of litigation for their clients. In addition, the trial will be set very soon after the resolution of dispositive motions so that there will be little time to engage in meaningful ADR after that date.

6. **DISCOVERY PLAN.** Fed. R. Civ. P. 26(f): Filed with this litigation plan

7. **FACTUAL DISCOVERY CUT-OFF DATE: September 27, 2024** (15-30 days prior to the dispositive motion cutoff).

   Counsel may, however, stipulate that after dispositive motions have been decided the parties will engage in additional discovery focused on trial preparation. This may include discovery relating to damage claims and other issues not typically resolved by dispositive motions.

8. **EXPERT DISCOVERY CUT-OFF DATE: October 18, 2024**

9. **EXPERT TESTIMONY DISCLOSURES: Local Rule 26.2(b)**

   a. Plaintiff identify and disclose expert witnesses by: **August 23, 2024** (60 days prior to the discovery cut-off).
   b. Defendant identify and disclose experts by: **September 23, 2024** (30 days after Plaintiff's disclosure.)
   c. Plaintiff's Disclosure of rebuttal experts by: **October 7, 2024** (2 weeks after Defendant's disclosure.)
   d. All discovery relevant to experts completed by: **October 18, 2024**

10. **TRIAL DATE:** The date of the trial and the pretrial conference will be scheduled at a trial scheduling conference following the resolution of dispositive motions or the conclusion of Court-supervised ADR.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

**MICHAEL "MICK" HEIKKOLA,**
Plaintiff,

vs.

**ADA COUNTY, IDAHO, a county of the State of Idaho; BRIAN KEEN, MICHAEL FRATUSCO, MICHAEL GEISEL, JACOB NYDEGGER, JUSTIN PHILYAW, SHAW McGREW, and TODD NELSON in their individual capacities; and JOHN/JANE DOES 1-5, other law enforcement officers whose true names are unknown, in their individual capacities,**

Defendants.

Case No. 1:24-cv-24

**DISCOVERY PLAN**

I. Preservation

a. **Preservation & Proportionality:** The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

b. **Electronically Stored Information (ESI):** With regard to ESI, the parties agree that:

i. **Scope of Preservation:** The parties agree to:

1. Preserve the Following Types of ESI

a. Communications and all other records relating to Plaintiffs' visit to the Kuna police station on 1/17/2023

b. Communications and all other records regarding criminal proceedings against the Plaintiff resulting from that arrest

c. Policies, procedures, training, and other guidance regarding the Kuna Police Department, Ada County Sheriff's Office, or any individual defendant that were in effect on 1/17/2023 or at any time during the 24 preceding months

d. Communications and all other records regarding civilians looking at or in police vehicles or observing police or their equipment on 1/17/2023 or at any time during the 24 preceding months

e. Communications and all other records regarding this federal civil case

f. Personnel, disciplinary, and training records regarding each defendant

g. All records in control of the Kuna Police Department, Ada County Sheriff's Office, or any defendant regarding the scope of discovery set out in Section III.a below.

2. From the Following Custodians or Job Titles:

a. Plaintiff

b. All defendants

c. Kuna Police Department

d. Ada County Sheriff's Office

e. Ada County

3. From the Following Systems, Servers, or Databases

a. Each defendant's employer-issued devices

b. Each defendant's personal devices

c. Kuna Police Department systems, servers, and databases

d. Ada County Sheriff's Office systems, servers, and databases

e. Ada County systems, servers, and databases

ii. **ESI Retention Protocols:** Going forward, the parties agree to modify the document and ESI retention/destruction protocols of the Kuna Police Department, Ada County Sheriff's Office, and Ada County as to this case, in that Defendants' counsel shall ensure Defendants, the Kuna Police Department, Ada County Sheriff's Office, and Ada County each take all appropriate measures, including but not limited to issuing litigation holds, to preserve all records within the scope of preservation set out above and the scope of discovery set out in Section III.a below.

II. Initial Disclosures

a. The parties agree that initial disclosures will be provided on March 8, 2024.

III. Scope of Discovery

a. **Scope:** Discovery is necessary on the allegations in the parties' pleadings and the following subjects/issues (subject to the general scope of discovery under FRCP 26(b)(1)):

- For Plaintiff:
  1. Plaintiffs' visit to the Kuna police station on 1/17/2023;
  2. Plaintiffs' interaction with law enforcement, transport to jail, and booking into and stay at jail on 1/17/2023;
  3. Criminal proceedings against Plaintiff resulting from his arrest on 1/17/2023;
  4. Policies, procedures, training, and other guidance and instruction at the Kuna Police Department and Ada County Sheriff's Office and any individual defendant on 1/17/2023 and during the 24 preceding months;
  5. Reaction and response by the Kuna Police Department, Ada County Sheriff's Office, or any defendant to civilians looking at or in police vehicles or observing police or their equipment on 1/17/2023 or at any time during the 24 preceding months;
  6. Each defendant and their training and disciplinary and other personnel history.
- For Defense:
  7. Plaintiff's medical history, including physical and mental health history for the five years preceding 1/17/2023;

8. Plaintiff's education, employment, and social history;
9. Plaintiff's social media.

IV. Discovery Boundaries

a. **Limits:** The parties agree to limit the number of discovery tools as follows:

☒Depositions: For Plaintiff: 10

For Defendant: 10

☒Interrogatories: 25

V. ESI

a. **ESI File Format:** The parties agree to produce documents in the following file format[s] *[check any that apply]*:

X PDF;

☐TIFF;

X Native; and/or

☐Paper.

b. **ESI Production Format:** The parties agree that documents will be produced *[check any that apply]*:

X with logical document breaks;

X as searchable;

☐with load fields enabling review in common litigation databases such as Summation and Concordance;

X with metadata, and, if so, in the following fields: _________.

c. **ESI Search Methodology**: The parties have agreed to use the following search methodology:

☐Predictive coding (or technology assisted review);

X Keyword search (as and when agreed as to particular requests);

☐Other: _______________.

d. **<u>Liaison:</u>** Defendants will identify a Liaison who is responsible for, and knowledgeable about (or has access to a person knowledgeable about) Idaho State Police ESI. This includes the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the Liaison, as needed, to confer about ESI and to help resolve disputes without court intervention.

VI. Deadlines

a. The deadline for the completion of fact discovery is: **September 27, 2024.**

b. The deadline for completion of expert witness discovery is: **October 18, 2024.**

VII. <u>Documents Protected From Discovery</u>

a. **<u>Clawback:</u>** Pursuant to Fed. R. Evid. 502(d), the parties request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding.

b. **<u>Post-Complaint Communications:</u>** Communications involving trial counsel that post-date the filing of the complaint need not be placed on a

privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.