**JAN M. BENNETTS**
ADA COUNTY PROSECUTING ATTORNEY

**ROBERT A. BERRY**
**ASPEN J. COMPTON-HOYTE**
Deputy Prosecuting Attorney
Civil Division
200 W. Front Street, Room 3191
Boise, ID 83702
Telephone: (208) 287-7700
Facsimile: (208) 287-7719
Idaho State Bar Nos. 7742 & 11227
Email: civilpafiles@adacounty.id.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL "MICK" HEIKKOLA,<br><br>Plaintiff,<br><br>vs.<br><br>ADA COUNTY, IDAHO, a county of the State of Idaho; BRIAN KEEN; MICHAEL FRATUSCO; MICHAEL GEISEL; JACOB NYDEGGER; JUSTIN PHILYAW; SHAWN McGREW; and TODD NELSON in their individual capacities; and JOHN/JANE DOES 1–5, other law enforcement officers whose true names are unknown, in their individual capacities,<br><br>Defendants. | **Case No. 1:24-cv-00024**<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

**COME NOW**, Defendants Ada County, Brian Keen, Michael, Fratusco, Michael Geisel, Jacob Nydegger, Justin Philyaw, Shawn McGrew, and Todd Nelson, by and through counsel of

record, the Ada County Prosecuting Attorney's Office, Civil Division, and, in answer to Plaintiff Michael "Mick" Heikkola's Complaint, admit, deny, and allege as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted and should be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

SECOND DEFENSE

Defendants deny each and every allegation of Plaintiff's Complaint not herein specifically and expressly admitted.

THIRD DEFENSE

1. In answering the prefatory remarks or statements included in Plaintiff's Complaint, Defendants assert that such prefatory remarks or statements constitute legal allegations or summary statements that are inaccurate. To the extent an answer or response is required to such prefatory remarks or statements, Defendants deny same.

2. In answering paragraph 1 of Plaintiff's Complaint, Defendants admit only that they did not know Plaintiff, that a then-unknown individual, later identified as Plaintiff, drove to the Kuna Police Station at about half-past noon on January 17, 2023, and that, on that date, prescription-drug disposal was available at the Kuna Police Station. Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 1 of Plaintiff's Complaint and therefore deny same.

3. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 2 of Plaintiff's Complaint and therefore deny same.

4. In answering paragraph 3 of Plaintiff's Complaint, Defendants admit only that Plaintiff parked next to two marked police SUVs. Defendants deny the remaining allegations in paragraph 3 of Plaintiff's Complaint.

5. In answering paragraph 4 of Plaintiff's Complaint, Defendants admit only that Sergeant Keen, who was dressed in a black jacket, khaki pants, and beanie and was wearing a police lanyard and identification card on the outside of his clothing, arrived into the parking lot in front of the two marked police SUVs and exited once he saw Plaintiff, wearing all black clothing and sunglasses, with a paper bag containing unknown contents in hand, attempting to peer into the SUVs for a longer duration than normal and potentially attempting to grasp one of the SUV's doors. Defendants deny the remaining allegations in paragraph 4 of Plaintiff's Complaint.

6. In answering paragraph 5 of Plaintiff's Complaint, Defendants admit only that Sergeant Keen attempted to approach Plaintiff and asked him why he was looking into "our" cars. Defendants admit that Plaintiff stated that the cars were "my cars too" and that he told Sergeant Keen to "fuck off" while refusing to take his hands out of his pockets. Defendants deny the remaining allegations in paragraph 5 of Plaintiff's Complaint.

7. In answering the remarks or statements following paragraph 5 and preceding paragraph 6, and to the extent they may be construed as allegations, Defendants assert that such remarks or statements constitute legal allegations or summary statements that are inaccurate. To the extent an answer or response is required to such remarks or statements, Defendants deny.

8. In answering paragraph 6 of Plaintiff's Complaint, Defendants admit only that Plaintiff entered the Kuna Police Station. Defendants deny the remaining allegations in paragraph 6 of Plaintiff's Complaint.

9. In answering paragraph 7 of Plaintiff's Complaint, Defendants admit only that a statement may have been made to Chief Fratusco. Defendants deny the remaining allegations in paragraph 7 of Plaintiff's Complaint.

10. In answering paragraph 8 of Plaintiff's Complaint, Defendants admit that Deputy Philyaw was responding to a Code 2 call when he engaged with Plaintiff, who refused to identify himself or take his hands out of his pockets, except momentarily, before abruptly shoving them back into his pockets, which signified a significant safety threat to Defendants, at which point, Deputy Philyaw made physical contact with Plaintiff. Defendants deny the remaining allegations in paragraph 8 of Plaintiff's Complaint.

11. In answering paragraph 9 of Plaintiff's Complaint, Defendants assert that the remarks or statements contained therein, and to the extent they may be construed as allegations, are inaccurate and therefore deny same. Defendants assert that the screenshot depicting Sergeant Keen that is referenced in and included after paragraph 9 does not depict the encounter that he had with Plaintiff while wearing a police lanyard and identification card. Defendants deny the remaining allegations in paragraph 9 of Plaintiff's Complaint.

12. In answering paragraph 10 of Plaintiff's Complaint, Defendants assert that only certain Defendants placed Plaintiffs in handcuffs and searched him for weapons. Defendants deny the remaining allegations in paragraph 10 of Plaintiff's Complaint.

13. Defendants deny the allegations in paragraph 11 of Plaintiff's Complaint.

14. In answering paragraph 12 of Plaintiff's Complaint, Defendants admit only that Deputies Philyaw and Nydegger walked Plaintiff into a room in the Kuna Police Station and that *Miranda* warnings were not read. Defendants deny that Plaintiff was subject to a custodial interrogation and deny the remaining allegations in paragraph 12 of Plaintiff's Complaint.

15. In answering the remarks or statements following paragraph 12 and preceding paragraph 13, and to the extent they may be construed as allegations, Defendants assert that such remarks or statements constitute legal allegations or summary statements that are inaccurate. To the extent an answer or response is required to such remarks or statements, Defendants deny.

16. Defendants admit the allegations in paragraph 13 of Plaintiff's Complaint.

17. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 14 of Plaintiff's Complaint and therefore deny same.

18. In answering the remarks or statements following paragraph 14 and preceding paragraph 15, and to the extent they may be construed as allegations, Defendants assert that such remarks or statements constitute legal allegations or summary statements that are inaccurate. To the extent an answer or response is required to such remarks or statements, Defendants deny.

19. In answering the allegations in paragraph 15 of Plaintiff's Complaint, Defendants admit only that reports were provided to the Ada County Prosecuting Attorney's Office that were certified as true and correct and that *Miranda* warnings were not read. Defendants deny that Plaintiff was subject to a custodial interrogation and deny the remaining allegations in paragraph 15 of Plaintiff's Complaint.

20. Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint.

21. In answering the remarks or statements following paragraph 16 and preceding paragraph 17, and to the extent they may be construed as allegations, Defendants assert that such remarks or statements constitute legal allegations or summary statements that are inaccurate. To the extent an answer or response is required to such remarks or statements, Defendants deny.

22. In answering the allegations in paragraph 17 of Plaintiff's Complaint, Defendants admit only that Plaintiff was charged under Idaho Code § 18-705 with resisting and obstructing

officers. Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 17 of Plaintiff's Complaint and therefore deny same.

23. Defendants admit that Plaintiff filed a motion to suppress and sought to dismiss the charge. Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 18 of Plaintiff's Complaint and therefore deny same.

24. In answering the allegations in paragraph 19 of Plaintiff's Complaint, Defendants admit only that a state magistrate court made such a statement as found in paragraph 19 of Plaintiff's Complaint.

25. In answering the allegations in paragraph 20 of Plaintiff's Complaint, Defendants admit only that a state magistrate court made such a statement as found in paragraph 20 of Plaintiff's Complaint.

26. In answering the allegations in paragraph 21 of Plaintiff's Complaint, Defendants admit only that a state magistrate court made such a statement as found in paragraph 21 of Plaintiff's Complaint. Defendants deny the remaining allegations in paragraph 21 of Plaintiff's Complaint as summary statements that are inaccurate.

27. In answering the allegations in paragraph 22 of Plaintiff's Complaint, Defendants admit only that a state magistrate court made such quoted statements as found in paragraph 22 of Plaintiff's Complaint, but not in the same manner as alleged by Plaintiff and are therefore inaccurate.

28. In answering the allegations in paragraph 23 of Plaintiff's Complaint, Defendants admit that a state magistrate court dismissed the case and that the State did not appeal the dismissal. Defendants deny the remaining allegations in paragraph 23 of Plaintiff's complaint.

29. Defendants deny the allegations in paragraph 24 of Plaintiff's Complaint.

30. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 25 of Plaintiff's Complaint and therefore deny same.

31. In answering the allegations in paragraph 26 of Plaintiff's Complaint, Defendants admit only that Ada County is a political subdivision of the State of Idaho and a duly organized county pursuant to the laws and constitution of thereof that, at all relevant times, provided police services for the City of Kuna. Defendants deny the remaining allegations in paragraph 26 of Plaintiff's Complaint.

32. In answering the allegations in paragraph 27 of Plaintiff's Complaint, Defendants admit only that, at all relevant times, Brian Keen was a Sergeant within the Ada County Sheriff's Office for the Kuna Police Department and was working as a plainclothes officer on January 17, 2023. Defendants deny the remaining allegations in paragraph 27 of Plaintiff's Complaint.

33. In answering the allegations in paragraph 28 of Plaintiff's Complaint, Defendants admit only that, at all relevant times, Michael Fratusco was a Lieutenant within the Ada County Sheriff's Office serving as the Kuna City Police Chief on January 17, 2023. Defendants deny the remaining allegations in paragraph 28 of Plaintiff's Complaint.

34. In answering the allegations in paragraph 29 of Plaintiff's Complaint, Defendants admit only that, at all relevant times, Michael Geisel was a Sergeant within the Ada County Sheriff's Office working at the Kuna Police Department on January 17, 2023. Defendants deny the remaining allegations in paragraph 29 of Plaintiff's Complaint.

35. In answering the allegations in paragraph 30 of Plaintiff's Complaint, Defendants admit only that, at all relevant times, Justin Philyaw was a Deputy within the Ada County Sheriff's Office working at the Kuna Police Department on January 17, 2023. Defendants deny the remaining allegations in paragraph 30 of Plaintiff's Complaint.

36. In answering the allegations in paragraph 31 of Plaintiff's Complaint, Defendants admit only that, at all relevant times, Jacob Nydegger, Shawn McGrew, and Todd Nelson were Deputies within the Ada County Sheriff's Office working at the Kuna Police Department on January 17, 2023. Defendants deny the remaining allegations in paragraph 31 of Plaintiff's Complaint.

37. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 32 of Plaintiff's Complaint and therefore deny same.

38. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 32 of Plaintiff's Complaint and therefore deny same.

39. In answering the allegations in paragraph 34 of Plaintiff's Complaint, Defendants admit that the allegations may give rise to original jurisdiction under 28 U.S.C. §§ 1331 and 1343. Defendants deny that jurisdiction arises under 28 U.S.C. § 2201.

40. In answering the allegations in paragraph 35 of Plaintiff's Complaint, Defendants admit that the allegations may demonstrate that venue is proper under 28 U.S.C. § 1391(b).

41. In answering the allegations in paragraph 36 of Plaintiff's Complaint, Defendants restate and incorporate their previous responses as set forth in paragraphs 1–40 herein in response to Plaintiff's subsequent claims for relief. Defendants deny that Plaintiff is entitled to the relief that he requests.

42. Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

43. In answering the allegations in paragraph 38 of Plaintiff's Complaint, Defendants admit that Plaintiff was arrested and that a physical intervention was involved. Defendants deny the remaining allegations in paragraph 38 of Plaintiff's Complaint.

44. Defendants deny the allegations in paragraph 39 of Plaintiff's Complaint.

45. In answering the allegations in paragraph 40 of Plaintiff's Complaint, Defendants admit only that their actions occurred while acting as employees of the Ada County Sheriff's Office. Defendants deny the remaining allegations in paragraph 40 of Plaintiff's Complaint.

46. Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

47. Defendants deny the allegations in paragraph 42 of Plaintiff's Complaint.

48. Defendants deny the allegations in paragraph 43 of Plaintiff's Complaint.

49. Defendants deny the allegations in paragraph 44 of Plaintiff's Complaint.

50. Defendants deny the allegations in paragraph 45 of Plaintiff's Complaint.

51. Defendants deny the allegations in paragraph 46 of Plaintiff's Complaint.

52. Defendants deny the allegations in paragraph 47 of Plaintiff's Complaint.

53. In answering the allegations in paragraph 48 of Plaintiff's Complaint, Defendants assert that no response is required. To the extent a response is required, Defendants deny same.

54. Defendants deny the allegations in paragraph 49 of Plaintiff's Complaint.

55. Defendants deny the allegations in paragraph 50 of Plaintiff's Complaint.

56. Defendants deny the allegations in paragraph 51 of Plaintiff's Complaint.

57. Defendants deny the allegations in paragraph 52 of Plaintiff's Complaint.

58. Defendants deny the allegations in paragraph 53 of Plaintiff's Complaint.

59. In answering the allegations in paragraph 54 of Plaintiff's Complaint, Defendants admit only that their actions occurred while acting as employees of the Ada County Sheriff's Office. Defendants deny the remaining allegations in paragraph 54 of Plaintiff's Complaint.

60. Defendants deny the allegations in paragraph 55 of Plaintiff's Complaint.

61. Defendants deny the allegations in paragraph 56 of Plaintiff's Complaint.

62. Defendants deny the allegations in paragraph 57 of Plaintiff's Complaint.

63. Defendants deny the allegations in paragraph 58 of Plaintiff's Complaint.

64. Defendants deny the allegations in paragraph 59 of Plaintiff's Complaint.

65. Defendants deny the allegations in paragraph 60 of Plaintiff's Complaint.

66. Defendants deny the allegations in paragraph 61 of Plaintiff's Complaint.

67. Defendants deny the allegations in paragraph 62 of Plaintiff's Complaint.

68. In answering the allegations in paragraph 63 of Plaintiff's Complaint, Defendants assert that no response is required. To the extent a response is required, Defendants deny same.

69. Defendants deny the allegations in paragraph 64 of Plaintiff's Complaint.

70. Defendants deny the allegations in paragraph 65 of Plaintiff's Complaint.

71. Defendants deny the allegations in paragraph 66 of Plaintiff's Complaint.

72. Defendants deny the allegations in paragraph 67 of Plaintiff's Complaint.

73. Defendants deny the allegations in paragraph 68 of Plaintiff's Complaint.

74. Defendants deny the allegations in paragraph 69 of Plaintiff's Complaint.

75. In answering the allegations in paragraph 70 of Plaintiff's Complaint, Defendants admit only that their actions occurred while acting as employees of the Ada County Sheriff's Office. Defendants deny the remaining allegations in paragraph 70 of Plaintiff's Complaint.

76. Defendants deny the allegations in paragraph 71 of Plaintiff's Complaint.

77. In answering the allegations in paragraph 72 of Plaintiff's Complaint, Defendants assert that no response is required. To the extent a response is required, Defendants deny same.

78. Defendants deny the allegations in paragraph 73 of Plaintiff's Complaint.

79. Defendants deny the allegations in paragraph 74 of Plaintiff's Complaint.

80. Defendants deny the allegations in paragraph 75 of Plaintiff's Complaint.

81. Defendants deny the allegations in paragraph 76 of Plaintiff's Complaint.

82. Defendants deny the allegations in paragraph 77 of Plaintiff's Complaint.

83. Defendants deny the allegations in paragraph 78 of Plaintiff's Complaint.

84. Defendants deny the allegations in paragraph 79 of Plaintiff's Complaint.

85. Defendants deny the allegations in paragraph 80 of Plaintiff's Complaint.

86. In answering the allegations in paragraph 81 of Plaintiff's Complaint, Defendants admit only that their actions occurred while acting as employees of the Ada County Sheriff's Office. Defendants deny the remaining allegations in paragraph 81 of Plaintiff's Complaint.

87. Defendants deny the allegations in paragraph 82 of Plaintiff's Complaint.

88. Defendants deny the allegations in paragraph 83 of Plaintiff's Complaint.

89. Defendants deny the allegations in paragraph 84 of Plaintiff's Complaint.

90. Defendants deny the allegations in paragraph 85 of Plaintiff's Complaint.

91. Defendants deny the allegations in paragraph 86 of Plaintiff's Complaint.

92. Defendants deny the allegations in paragraph 87 of Plaintiff's Complaint.

93. Defendants deny the allegations in paragraph 88 of Plaintiff's Complaint.

94. In answering the allegations in paragraph 89 of Plaintiff's Complaint, Defendants assert that no response is required. To the extent a response is required, Defendants deny same.

95. In answering the "Prayer for Relief" set forth in Plaintiff's Complaint, these paragraphs consist solely of Plaintiff's requests for relief from the Court that do not require a response. To the extent a response is required, Defendants deny same.

## AFFIRMATIVE DEFENSES

### FOURTH DEFENSE

As and for an affirmative defense, Defendants allege that their acts or omissions, if any, were undertaken in good faith, without malice, with probable cause, and were justified and responsible under the circumstances.

### FIFTH DEFENSE

As and for an affirmative defense, Defendants allege that their acts or omissions, if any, which are not entitled to absolute immunity, are entitled to qualified good-faith immunity from suit.

### SIXTH DEFENSE

As and for an affirmative defense, Defendants allege that, at no time, did there exist any agreement, mutual understanding, or meeting of the minds to deprive Plaintiff of any civil rights.

### SEVENTH DEFENSE

As and for an affirmative defense, Defendants allege that their acts or omissions, if any, do not rise to a level of deprivation of constitutionally protected rights.

### EIGHTH DEFENSE

As and for an affirmative defense, Defendants allege that injuries and damages alleged by Plaintiff, if any, were proximately caused by Plaintiff's comparative fault, which fault was equal to or greater than the negligence or fault of Defendants, if any, and bars or reduces Plaintiff's recovery.

NINTH DEFENSE

As and for an affirmative defense, Defendants allege that the injuries and damages alleged by Plaintiff were proximately caused, if at all, by acts or omissions of persons or entities other than Defendants.

TENTH DEFENSE

As and for an affirmative defense, Defendants allege that Plaintiff failed to take reasonable action to mitigate his damages, if any.

ELEVENTH DEFENSE

As and for an affirmative defense, Defendants allege that their acts or omissions, if any, were not the proximate cause or the cause in fact of the alleged injuries and damages claimed by Plaintiff, if any.

**ATTORNEY FEES**

As a direct result of the filing of this action, Defendants have been forced to retain the services of the Ada County Prosecuting Attorney's Office, Civil Division, and have and will continue to incur fees and costs in defense thereof, and request that they be granted reasonable attorney fees pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, and all other applicable federal laws and rules of civil procedure.

WHEREFORE, Defendants pray for judgment as follows:

A. That Plaintiff take nothing by way of his Complaint and that the Complaint be dismissed;

B. That judgment be entered in favor of Defendants on all claims;

C. That the Court award Defendants their attorney fees and cost incurred in defense of this action; and

D. That the Court grant such other and further relief as it deems just in the premises.

**JURY TRIAL IS DEMANDED.**

**DATED** this 5th day of April, 2024.

**JAN M. BENNETTS**
Ada County Prosecuting Attorney

By: /s/ Robert A. Berry
Robert A. Berry
Deputy Prosecuting Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of April, 2024, I served the foregoing ANSWER AND DEMAND FOR JURY TRIAL electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Richard Eppink ritchie@wrest.coop
Casey Parsons casey@wrest.coop
David DeRoin david@wrest.coop
WREST COLLECTIVE
812 W. Franklin Street
Boise, ID 83702

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participant(s) in the manner indicated as follows:

N/A

By: /s/ Chyvonne Tiedemann
Legal Assistant