UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MICHAEL "MICK" HEIKKOLA,

Plaintiff,

v.

ADA COUNTY, IDAHO, a county of the State of Idaho; BRIAN KEEN; MICHAEL FRATUSCO;MICHAEL GEISEL; JACOB NYDEGGER; JUSTIN PHILYAW; SHAWN McGREW; and TODD NELSON in their individual capacities; and JOHN/JANE DOES 1–5, other law enforcement officers whose true names are unknown, in their individual capacities,

Defendants.

Case No. 1:24-cv-00024-BLW

**SCHEDULING ORDER**
**TRACK: (Standard)**

In accordance with the stipulated litigation and discovery plans on file with the Court (Dkt. 5) and to further the just, speedy, and inexpensive determination of this matter,

**NOW THEREFORE IT IS HEREBY ORDERED** that the following recitation of deadlines and procedures will govern this litigation:

1. Dispositive Motion Deadline: All dispositive motions, including motions for punitive damages, must be filed by **October 25, 2024**.[1]

2. Amendment of Pleadings and Joinder of Parties: Motions to amend pleadings and join parties, except for allegations of punitive damages, must be filed on or before **July 8, 2024**. This deadline will only be extended for good cause shown.[2]

3. Alternative Dispute Resolution: The parties have chosen to participate in **a judicially supervised settlement conference.** ADR must be held by **July 8, 2024**. Within seven (7) days of this Order, the parties are directed to contact Stuart Kaylor, the ADR Administrator, at adr@id.uscourts.gov, so that he may assign a settlement conference judge and schedule a date for the settlement conference. Please ensure that all emails directed to adr@id.uscourts.gov contain the case number and title in the email subject line.

[1] It is this Court's policy to accept only one (1) motion to dismiss and one summary judgment motion per party. If it appears, due to the complexity or numerosity of issues presented, that counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an overlength brief, rather than filing separate motions for each issue. The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when multiple motions are filed.

[2] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

4. Discovery Plan: All discovery must be in accordance with the Federal Rules of Civil Procedure, the Local Rules for the District of Idaho, and the parties' joint discovery plan which is incorporated herein by reference.

5. Clawback: Pursuant to Fed. R. Evid. 502(d), and Section VII.a. of the parties' stipulated discovery plan, it is hereby ORDERED that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding.

6. Completion of Fact Discovery: All fact discovery must be completed by **September 27, 2024**. This is a deadline for the completion of all fact discovery; it is not a deadline for discovery requests. Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date.

7. Disclosure of Experts:

    a. The **Plaintiff** must disclose the experts intended to be called at trial on or before **August 23, 2024**.

    b. The **Defendant** must disclose the experts intended to be called at trial on or before **September 23, 2024**.

    c. **Plaintiff's** rebuttal experts must be identified on or before **October 7, 2024**.

d. **ALL** discovery relevant to experts must be completed by: **October 18, 2024**

8. First Interim Status Conference: The Court will conduct a telephonic interim status conference on **August 29, 2024 at 3:30 p.m.** Plaintiff must initiate the conference call by placing it to (208) 334-9145 and must have all appropriate parties on the line.

9. Scheduling of Trial and Pretrial Conference. Plaintiff's counsel must contact courtroom deputy **Jamie Gearhart** within one week following the entry of a decision on all pending dispositive motions to make arrangements for a telephonic trial setting conference with the Court to set pre-trial and trial deadlines. If no dispositive motion is filed, Plaintiff's counsel must immediately contact the courtroom deputy within one week of the dispositive motion filing deadline to set a telephonic trial setting conference.

10. Law Clerk: The law clerk assigned to this case is **Marci Smith**, and she may be reached at (208) 334-9025 or marci_smith@id.uscourts.gov.

11. Discovery Disputes:

    a. I will **not** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions. I will keep these motions on my own docket.

b. The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions.

c. Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the Judge's discovery dispute procedures.

d. In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute. To facilitate that mediation, the attorneys will first contact Marci Smith, the law clerk assigned to this case and provide her with a brief written summary of the dispute and the parties' respective positions. Ms. Smith may be able to offer suggestions that will resolve the dispute without the need of my involvement. If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible. I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference. I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

e. Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

12. The Court will conduct **telephonic status conferences** with the parties. The Court will set those status conferences in a separate notice.

13. Calendaring Clerk: Scheduling matters and calendar issues may be directed to **Jamie Gearhart**, who may be reached at (208) 334-9021. If reassigned, consult Judges' web page for staff directory.

14. Docketing Clerk: If you have a docketing question, please contact a docket clerk at (208) 334-1361.

15. Pending Motion for Judicial Settlement Conference: In light of the above orders, and, in particular, the order at paragraph 3, regarding ADR, the Defendants' pending Motion for Judicial Settlement Conference (Dkt. 9) is **DEEMED MOOT.**

DATED: April 12, 2024

B. Lynn Winmill
United States District Judge