UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Michael Heikkola<br>Plaintiff,<br>v.<br>Ada County, Idaho, et al.<br>Defendants. | Case No. 1:24-cv-24-BLW<br>**ORDER** |

Upon request of the parties, this matter has been referred by United States District Judge B. Lynn Winmill for a settlement conference. Having reviewed the matter and being fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) A settlement conference is set to take place on **June 25, 2024** ***at*** **9:00 a.m.** at the United States Courthouse in Boise, Idaho before United States Magistrate Judge Candy Wagahoff Dale.

2) Each party to such settlement conference must be represented by counsel authorized to participate in settlement negotiations.

3) The **parties, principals, and/or insurance representatives** to the litigation must attend the conference **in person** unless specifically excused by Judge Dale

beforehand. All parties must be **personally present** and must be represented by lead or chief counsel authorized to participate in settlement negotiations. In the case of businesses, corporations, governmental entities, etc., a representative for every party with **full settlement authority** must be **personally present** at the settlement conference.[1] If any of the parties are appearing or defending the action under an insurance agreement, an insurance company representative **fully authorized** to settle the case must be **personally present** at the settlement conference.

4) Counsel will be required to be knowledgeable about the facts of the case and prepared to candidly discuss the same with the settlement judge and in the presence of his or her client(s).

5) Settlement Conference Questionnaire (***see attached form***)**:** Each party must prepare a response to the questionnaire and **submit it to Judge Dale's chambers for *in camera* review no later than June 11, 2024.** The response to the questionnaire should candidly assess the strengths and weaknesses of the case from each party's respective position, and it should not exceed five pages. **This response and any**

[1] The term "authority to settle" means the party's representative attending the settlement conference must hold such a position in relation to the party that allows him or her to "speak definitively and to commit the [party] to a particular position in the litigation." *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The appropriate representative must have "unfettered discretion and authority" to change the settlement position of the party and not merely possess limited or "capped" settlement authority. *Pitman v. Brinker Int'l Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Id.*

**attachments may be submitted via email in .pdf format, overnight mail, or hand delivered to chambers, but must not be filed electronically. If submitting via e-mail, please contact chambers at (208) 334-9111 to obtain the e-mail address. The Court would prefer that responses with voluminous attachments exceeding 100 pages be hand delivered or mailed.**

6) **Telephonic Status Conference**: Judge Dale will conduct a telephonic status conference with the parties on **June 13, 2024** at **2:00 p.m.** mountain time for the purpose of discussing settlement conference procedure and other preliminary matters. The parties are to use the Court's teleconferencing line to connect to this hearing, by dialing 1-669-254-5252, Meeting ID: 161 6744 7776.

7) All information provided to Judge Dale for settlement purposes will be held in confidence and all written material submitted will be returned to the submitting party or destroyed upon termination of the settlement proceedings.

8) No oral statement, written document, or other material considered during the settlement procedure may be used against any party to this litigation. Further, pursuant to Dist. Idaho Loc. Civ. R. 16.4(b), none of the matters or information discussed during the conference will be communicated to the trial judge.

**IT IS SO ORDERED.**

Dated: May 22, 2024

Candy W. Dale
United States Magistrate Judge

SETTLEMENT CONFERENCE QUESTIONNAIRE

SUBMITTED BY: ______________________________________________

ATTORNEY FOR: ______________________________________________

**NOTE: Please use attachments where necessary. If the total number of pages of the response and attachments exceeds 100 pages, please provide paper copies to chambers. All paper documents submitted should be punched for a three-ring binder. Electronic copies may be submitted via e-mail in .pdf format in a bookmarked .pdf document.**

1. Statement of facts pertinent to settlement.
2. Plaintiff's theories of recovery if not obvious.
3. If liability not admitted, bona fide defenses and counterclaims tendered by Defendant(s).
4. Damages - Plaintiff should list the specials incurred and claimed. Do not use the maximum possible figures but what is deemed reasonable and what will be presented at trial. List special and general damages separately. Defendant should list what is claimed to be a reasonable amount where items are contested.
5. Summarize the bona fide disputes regarding damages.
6. Weaknesses in your case/defense.
7. Evaluation of fair settlement: $_______________; Non-economic relief, if any.
8. May the court disclose these figures or demands to the opposing party at the commencement of the conference? Yes______ No________ ______
9. If Plaintiff recovers a judgment, is the question of apportionment of and liability among Defendant(s) a factor affecting negotiations? Discuss.
10. Are there viable sources from whom the Defendant(s) may seek contribution?
11. Describe the history of settlement negotiations, if any.
12. Do you feel the other party has negotiated in good faith? Discuss.
13. Does either party have client problems which affect these negotiations?
14. Do client and attorney disagree on the settlement value? Discuss.
15. What factors not discussed above have hampered settlement negotiations?
16. State your opinion as to the bona fide chance for settlement in this matter. ____%
17. Are there legal questions which effectively bar serious settlement negotiations? Discuss.
18. Do you want the settlement judge to give preliminary, non-binding predictions as to such rulings to assist in settlement negotiations? yes ______no _____
19. Are mediation or arbitration of certain areas or the entire matter viable options? Discuss.
20. Do Defendants (if more than one) want separate or joint conferences with the judge when Plaintiff(s) is excluded?
21. Do Plaintiffs (if more than one) want separate or joint conferences with the judge when Defendant(s) is excluded?
22. Litigation expenses: To date $__________; Estimate of present to conclusion $_______.